

MOS

FILED
DEC 2 0 2001
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE McCARTY COMPANY, INC.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

NO. CIV. S-01-158 LKK/JFM

O R D E R

Plaintiff brings this action against the United States to challenge the Notice of Determination of the Internal Revenue Service's Appeals Office pursuant to 26 U.S.C. §§ 6320 & 6330. This matter is before the court on defendant's motion for summary judgment, the standard for which is well-known and need not be repeated here. See Rodgers v. County of Yolo, 889 F. Supp. 1284 (E.D. Cal. 1995).

The court reviews IRS determinations from collection due process hearings for abuse of discretion where the amount of tax liability was not in dispute at the hearing. TKK Management v.

United States, 2000 WL 33122706 (C.D. Cal. 2000)(citing H. Conf. Rept. No. 105-599, at 266 (1998)). While plaintiff now challenges the amount of penalties and interest assessed, it did not do so at the hearing. See 26 U.S.C. § 6330(b)(3). Accordingly, the court reviews the decision of the appeals officer for abuse of discretion.

Plaintiff owes the IRS more than $2,000,000 in back taxes, including penalties and interest.[1] As a result, the IRS filed both a federal tax lien and a levy notice against plaintiff's assets. At the collection "due process" hearing, the appeals officer agreed to withdraw the tax lien on the condition that plaintiff enter into an agreement to pay, secured by an irrevocable letter of credit or a bond, and to stay current with tax deposits for the year 2000. Plaintiff failed to satisfy these conditions. Thus, the appeals officer concluded that the recorded lien was necessary to protect the government's interest in collecting plaintiff's outstanding taxes.

////

---

[1] Plaintiff failed to pay its back taxes even after repeated warnings by the IRS. At the time of the hearing, plaintiff was late with every payment of its Form 943 taxes since 1994. Plaintiff made no deposits of its Form 941 taxes for the four quarters of 1998, the four quarters of 1999, and the two quarters in 2000 that were due at the time of the hearing. See Complaint, Exh. F at attached Exh. A.

While plaintiff made timely deposits of its Form 940 taxes in 1997, it failed to make such tax payments for 1998. As a result, between 1994 and 1999, plaintiff was assessed penalties totaling almost $500,000 for not making tax deposits, and an additional $500,000 in interest and late payment penalties. See Complaint, Exh. F at attached Exh. A.

Plaintiff argues that the appeals officer's determination was an abuse of discretion because he failed to consider the company's hardship before imposing the lien. I cannot agree.

Under the tax code, an appeals officer must consider the need for the efficient collection of taxes with the legitimate concern of the taxpayer, and ensure that the action is no more intrusive than necessary. See 26 U.S.C. § 6330(c)(3). At the hearing, plaintiff requested that the lien be withdrawn, arguing that Wells Fargo had prior rights and could foreclose on plaintiff's loans resulting in the foreclosing on the company's assets and closure of its business. See Complaint, Exh. F, at 4. In response the appeals officer agreed to withdraw the tax lien if plaintiff satisfied the conditions explicated above. While hardly a generous offer, there was an effort on the appeals officer's part to permit the company to remain viable while protecting the government's interests. When plaintiff was unable to meet the conditions, the appeals officer concluded that the lien was necessary in light of the company's continuing history of "procrastination and broken commitments" and its continual accrual of taxes. See Complaint, Exh. F, at 7. The court concludes that the appeals officer acted within his discretion to prevent the future accrual of taxes, even if the decision ultimately results in the IRS recovering none of plaintiff's assets. It seems clear to the court that the IRS is not required to, in effect, involuntarily finance plaintiff's business by deferring collection of taxes which were due.

////

Next, plaintiff argues that the appeals officer abused his discretion by failing to take into consideration its alternate proposal to pay its back taxes. The appeals officer is required to consider collection alternatives, which may include the posting of a bond, the substitution of other assets, or an installment agreement. See 26 U.S.C. § 6330(c)(2)(A)(iii). As stated, the appeals officer did consider plaintiff's initial proposal. When plaintiff failed to secure a letter of credit it proposed to make its tax payments based on an "expected" grant from the Farm Service Agency and "anticipate[d]" loans from the federal government. See Decl. Norma Schrock, at Exh. 14. The appeals officer found that such a proposal lacked substance. The appeals officer concluded that the IRS could not accept its alternate proposal given plaintiff's long history of tax delinquency, its proposed payment plan's lack of specificity, and its inability to provide the requested security through a collateral agreement or bond. AJP Management v. United States, 2000 WL 33122693 (C.D. Cal. 2000); Kitchen Cabinets v. United States, 2001 WL 237384 (N.D. Tex. 2001). Under the circumstances, that determination was within the appeals officer's discretion.

For the foregoing reasons, the court concludes that the appeals officer's determination was not an abuse of discretion.

////
////
////
////

4

Accordingly, the court GRANTS defendant's motion for summary judgment[2] and the Clerk is directed to CLOSE the case.

IT IS SO ORDERED.

DATED: December 18, 2001.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] At oral argument, plaintiff's counsel asserted that the court should follow the decision in Mesa Oil, Inc. v. United States, 2000 WL 1745280 (D. Colo. 2000), and remand this matter to the appeals officer. In Mesa, the court found that the appeals officer's determination was inadequate because it had "no statement of facts, no legal analysis, and no explanation of how or why the proposed levy balanced the need for collection with Mesa's interests." Id., at *4. The court concluded that the appeals officer's "sparse determination" demonstrated that the "proposed collection action was approved solely because the IRS showed that it had followed appropriate procedures," and thus had to be remanded. Id. Here, the appeals officer's determination contains a detailed factual history, demonstrates a consideration of the appropriate issue, demonstrates application of the requisite balancing test and explicates why the lien was necessary. Mesa is clearly distinguishable from the matter at issue.

5

```
                                                              mdk
                United States District Court
                          for the
                Eastern District of California
                      December 20, 2001

              * * CERTIFICATE OF SERVICE * *

                                       2:01-cv-00158

McCarty Company

     v.

USA

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  December 20, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Jason William Harrel                        SJ/LKK
        Richard S Calone Incorporated
        1810 Grand Canal Boulevard                  CF/JFM
        Suite Six
        Stockton, CA  95207

        Norma J Schrock
        US Department of Justice
        Tax Division
        PO Box 683
        Ben Franklin Station
        Washington, DC  20044



                                       Jack L. Wagner, Clerk

                                       BY: _____
                                           Deputy Clerk
```